```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| OREECE CHESTNUT, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Case No. |
| v. ) | 12-cv-267-JMH |
| ) | |
| COMMONWEALTH OF KENTUCKY ) | |
| DEPARTMENT OF CORRECTIONS and ) | |
| WARDEN STEVE HANEY, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Respondents. ) | |

\*\*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Robert E. Wier [Record No. 6]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner Chestnut's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 1], in which he challenges his incarceration for a conviction in a Kentucky state court. The Magistrate Judge, who perceived that the petition was "non-exhausted and time-barred", issued an order [DE 2] requiring Petitioner to show cause why his petition should not be dismissed for failure to exhaust and to submit any information supporting equitable tolling of the statute of limitations. There was no response from Petitioner, although Respondents filed a response [DE 5] arguing that the Petition be dismissed because his claims were unexhausted in the state courts and, in any event, untimely. In his Report and

Recommendation [DE 6], the Magistrate Judge concludes that the Petition is time-barred and recommends that the Petition be dismissed.

The Magistrate Judge filed his Report and Recommendation on November 1, 2012, advising Chestnut that particularized objections to same were due within fourteen days of the date of service of the Report and Recommendation or further appeal would be waived. That time has now expired, and Chestnut has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendation as its own.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In

order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that the Report and Recommendation of Magistrate Judge Robert E. Wier [Record No. 6] is **ACCEPTED** and **ADOPTED**;

(2) that Chestnut's Petition for a Writ of Habeas Corpus [Record No. 1] is **DISMISSED WITH PREJUDICE;**

(3) that no certificate of appealability will issue.

This the 28th day of December, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge